**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| KATHLEEN M. NORGAARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　　Civil Action No.<br>)　　16-12107-FDS<br>)<br>)<br>)<br>) |

**MEMORANDUM AND ORDER**

SAYLOR, J.

For the reasons stated below, the Court (1) grants plaintiff leave to proceed *in forma pauperis*; (2) denies her motion for preliminary injunction; and (3) directs the clerk to issue summons for service of the complaint on the United States.

**I.　　Background**

On October 24, 2016, Kathleen M. Norgaard filed a *pro se* complaint against the United States challenging, among other things, the denial of her refund claim by the Internal Revenue Service.  Norgaard seeks leave to proceed *in forma pauperis*.  Along with her complaint, plaintiff filed a motion pursuant to Rule 65 of the Federal Rules of Civil Procedure seeking to have this court enjoin Wells Fargo from foreclosing on her residence at 11 Tucker Street, Marblehead, Massachusetts.

**II.　　Discussion**

**A.　　Filing Fee**

Based upon review of plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that plaintiff has demonstrated a lack of funds to prepay the filing fee.  The Court

therefore will grant the motion.

### B.        Screening of the Complaint

Where, as here, a plaintiff is allowed to proceed without prepayment of the filing fee,

summons do not issue until the Court reviews the complaint and determines that it satisfies the

substantive requirements of 28 U.S.C. § 1915.  This statute authorizes federal courts to dismiss a

complaint *sua sponte* if the claims are frivolous or malicious, fail to state a claim on which relief

can be granted, or seek monetary relief against a defendant who is immune from such relief.  *See*

28 U.S.C. § 1915(e)(2)(B).  In conducting that review, the Court must construe the complaint

liberally because the plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Rodi v. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004).

Here, plaintiff seeks judicial review of the denial of her claim for a refund of taxes she

has already paid.  The Internal Revenue Code, 26 U.S.C. § 7422, provides for civil actions to

recover a tax refund, and 28 U.S.C. § 1346(a)(1) vests district courts and the Court of Federal

Claims with jurisdiction to hear such a case.  Accordingly, the Court will direct the clerk to issue

summons for service of the complaint on the United States.

### C.        Motion for Preliminary Injunction

Plaintiff's motion for preliminary injunction seeks an order from this Court pursuant to

Rule 65(b) of the Federal Rules of Civil Procedure that would stay the foreclosure of her home

by Wells Fargo.  The motion for preliminary injunction is accompanied by a supporting

memorandum stating that plaintiff obtained a reverse mortgage from Wells Fargo in order to pay

off a small business loan.  The memorandum further states that Orlans-Moran, on behalf of

Wells Fargo, seeks to foreclose on her property based on a claimed arrearage that is several

hundred thousand dollars more than permitted under the contract.  Plaintiff contends that she

subsequently discovered that the homestead protections under Mass. Gen. Laws ch. 199 and the

hardship exemptions from property taxes under Mass. Gen. Laws ch. 59 were not available to her

under the terms of the reverse mortgage.  Plaintiff further contends that she is entitled to

equitable relief pursuant to Mass. Gen. Laws ch. 93A.  The certificate of service indicates that

courtesy copies of the motion and memorandum were forwarded to Wells Fargo, Orlans Moran,

Senator Elizabeth Warren, and Congressman Seth Moulton.

The Court need not reach the merits of the motion, because Wells Fargo is not a party to

this action.  Except in limited circumstances not relevant here, a court may not order injunctive

relief as to non-parties to an action.  Wells Fargo is not a defendant, and accordingly this Court

may not issue an injunction against it.

**III.    Conclusion**

For the foregoing reasons, it is hereby ordered that

1.      The motion for leave to proceed *in forma pauperis* is GRANTED.

2.      The motion for preliminary injunction is DENIED.

3.      The clerk shall issue a summons for service of the complaint on the defendant.

4.      The clerk shall send the summons, complaint, and this order to the plaintiff, who

        must thereafter serve the defendant in accordance with Rule 4 of the Federal

        Rules of Civil Procedure.  See Fed. R. Civ. P. 4(i) (describing the methods of

        service on the United States).  The plaintiff may elect to have service made by the

        United States Marshals Service.  If directed by the plaintiff to do so, the United

        States Marshal shall serve the summons, complaint, and this order upon the

        defendant, in the manner directed by the plaintiff, with all costs of service to be

        advanced by the United States.  Notwithstanding Fed. R. Civ. P. 4(m) and Local

Rule 4.1, the plaintiff shall have 90 days from the date of this order to complete

service.

**So Ordered.**

/s/ F. Dennis Saylor IV

F. Dennis Saylor IV

Dated: November 3, 2016                    United States District Judge